UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GRAHAM WEBB INTERNATIONAL LIMITED PARTNERSHIP, Plaintiff, v. CLAIROL INCORPORATED, Defendant. | Civil Action No. 01-CV-252[PAM/JGL] **STIPULATION TO ENTER PROTECTIVE ORDER AGREEMENT** |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed, by and between the parties to the above-identified action, through their respective counsel, that the terms and conditions of this Stipulation and Order of Confidentiality shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits and other information exchanged by the parties in this action.

IT IS HEREBY ORDERED AS FOLLOWS:

1. This order shall be applicable to and govern all documents or information in any form produced or disclosed by or on behalf of any party to this litigation in connection with this action.

MAR 19 2001
FILED
FRANCIS E. DOSAL, CLERK

2. A party shall designate documents or information it is producing as "CONFIDENTIAL" only when that party in good faith believes the designated information constitutes or includes proprietary information that (i) is used by the party in, or pertaining to, its business; (ii) is not generally known; and (iii) the party normally would not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, such as sales information, suppliers, and similar information.

3. A party shall designate documents or information it is producing as "RESTRICTED CONFIDENTIAL" only when that party in good faith believes the designated information constitutes or includes CONFIDENTIAL information in the form of customer lists, sales and cost figures and other nonpublic commercial, financial, personal, or business information which is particularly sensitive and which, if disclosed to the opposing party, could provide the opposing party with an unfair competitive advantage, such as product research and development, future business plans and similar information.

4. CONFIDENTIAL and RESTRICTED CONFIDENTIAL information shall be used by the parties in this action solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

5. Information designated as CONFIDENTIAL may be disclosed only to the following persons:

a. the attorneys of record retained by any party and all non-attorney staff persons working under the supervision, direction, or control of such attorneys (not including any in-house attorneys representing any party);

b. consultants, investigators, or experts expressly retained by a party to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work; provided any such consultant, investigator, or expert reviews this Stipulation and Order and agrees in writing in advance of receiving any CONFIDENTIAL or RESTRICTED CONFIDENTIAL information to be subject to its terms by signing a copy of the Confidentiality Understanding attached hereto as Exhibit A. Prior to dissemination of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL information to any consultant, investigator or expert, the party shall disclose in writing the identity of the consultant, investigator or expert to the other party. The other party will then have ten (10) days to file a written objection to the disclosure of information to this individual. No disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL information shall be made to the identified individual during this ten (10) day period.

c. any court reporter engaged for depositions or court appearances in this litigation, and those persons specifically engaged for the limited purpose of making copies of documents in connection with this litigation;

d. the Court under seal or with other suitable precaution calculated to maintain confidentiality;

e. for Clairol, Nadine Flynn (Counsel), Timothy Sullivan (Vice President and Senior Counsel), Karen Murabito (Product Manager), Lawrence Lucas (Group Product

Manager), Andrew Shepard (Senior Director Marketing), and William Susetka (President, U.S. Retail); and, for Graham Webb, Tom Baumann (Chief Financial Officer), Robert Taylor (Owner, Chairman), Rick Kornbluth (President, Chief Operating Officer), Dawn Blackstone (Executive Vice President Marketing), and Debbie Laspisa (Executive Assistant); provided that any such person first reviews this Stipulation and Order and agrees in writing in advance of receiving any CONFIDENTIAL information to be subject to its terms by signing a copy of the Confidentiality Understanding attached hereto as Exhibit A.

6. Information designated as RESTRICTED CONFIDENTIAL may be disclosed only to the persons listed in paragraphs 5(a, c, and d) and to the persons who are listed and qualified under paragraphs 5(b and e) as stated in those paragraphs.

7. Persons receiving CONFIDENTIAL or RESTRICTED CONFIDENTIAL information are prohibited from disclosing it or any information contained therein or derived therefrom to any person, except as permitted by this Stipulation and Order. Extracts, summaries, and other documents or materials that reflect or disclose the contents of CONFIDENTIAL or RESTRICTED CONFIDENTIAL information shall likewise be treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL.

8. The recipient of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL information hereby agrees to be subject to the jurisdiction of this Court for the purpose of

any proceedings relating to documents or information protected by this Stipulation and Order.

9. The recipient of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL information provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

10. In the event any recipient identified in paragraphs 5 or 6 to whom CONFIDENTIAL or RESTRICTED CONFIDENTIAL information is disclosed ceases to engage in the preparation for trial or trial of this proceeding, access by such individual to CONFIDENTIAL or RESTRICTED CONFIDENTIAL information shall cease. The remaining provisions of this Protective Order shall remain in full force and effect as to that individual.

11. The designation of information contained in documents as CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be made at the time of production by placing or affixing on the document in a manner in which will not interfere with its legibility the designation CONFIDENTIAL or RESTRICTED CONFIDENTIAL. Where a substantial volume of documents is made available for inspection, the producing party may generally identify all of said documents as CONFIDENTIAL or RESTRICTED CONFIDENTIAL,

provided that the producing party later makes particular designations as to each document that the requesting party selects for photocopying.

a. The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of any party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

b. In the event that any document immune from discovery under the attorney-client privilege, work product doctrine, or other applicable privilege or immunity, is inadvertently or unintentionally produced, the producing party may request that all copies of the document be returned, and the receiving party shall return such document forthwith and shall not make any use of that document or information contained therein. Any inadvertent or unintentional production shall not result in a waiver of the attorney-client privilege, work product doctrine or other protection either as to that document, the

specific information contained therein, or as to any other information relating thereto or on the same or related subject matter.

12. The designation of information disclosed or discussed in the course of depositions as CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be made by a statement to such effect on the record in the course of the deposition or following review of such transcript by counsel for the party whose CONFIDENTIAL or RESTRICTED CONFIDENTIAL information was disclosed at the deposition. Such review shall occur within thirty days after counsel's receipt of the deposition transcript. Within that time period, counsel shall designate and send to counsel for the other party the pages and line number designations of the transcript containing CONFIDENTIAL or RESTRICTED CONFIDENTIAL information. From the date of the deposition through the end of this thirty-day period, pending designation, (unless made during the deposition) the entire deposition transcript, including exhibits, shall be deemed RESTRICTED CONFIDENTIAL. If no designation is made within thirty days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL or RESTRICTED CONFIDENTIAL information.

13. Transcripts of depositions shall not be filed with the Court unless necessary for purposes of trial, motions, or other such matters. If any portion of a deposition transcript is filed and contains CONFIDENTIAL or RESTRICTED CONFIDENTIAL information, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

14. A party shall not be obligated to challenge the propriety of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL designation when made, and failure to do so shall not preclude a subsequent challenge thereto. In the event any party objects at any stage of these proceedings to a CONFIDENTIAL or RESTRICTED CONFIDENTIAL designation, such party shall notify the producing party of its objection in writing. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the parties are unable to resolve their dispute after making good faith attempts to do so, the party challenging the designation may request appropriate relief from the Court, provided thirty days have passed since the opposing party was first notified of the dispute. The burden of proving information has properly been designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL is on the party making such designation. Any information that can be demonstrated to be public domain interest shall not qualify for treatment and CONFIDENTIAL or RESTRICTED CONFIDENTIAL information.

15. The Clerk of the Court is requested to maintain under seal all documents and deposition transcripts filed with the Court by any party to this litigation which are, in whole or in part, designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL. The party filing such CONFIDENTIAL or RESTRICTED CONFIDENTIAL material shall designate to the Clerk that all or a designated portion thereof is subject to this Protective Order and is to be kept under seal

16. Use of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL information in any Court proceeding in connection with this litigation shall not, without further order of

the Court, cause such information to lose its CONFIDENTIAL or RESTRICTED CONFIDENTIAL status. The parties shall take all steps reasonably required to protect the confidentiality of such information during such use.

17. The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further order of this Court; provided, however, that this Protective Order shall not be construed: (a) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to its disclosure by the producing party; (b) to apply to information which appears in printed publications or becomes publicly known through no fault of any party or its counsel; or (c) to apply to information which any party or its counsel has lawfully obtained since disclosure by the producing party, or shall thereafter lawfully obtain from a third party having the right disclose such information.

18. Nothing in this Order shall preclude any party to the lawsuit or its attorneys: from (a) showing a document designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL to an individual who either prepared or reviewed the document prior to the filing of this action or had access to the document or the information contained therein as evidenced by the face of the document itself or other related documents; or (b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL.

19. Within 60 days of the termination of this action, all CONFIDENTIAL and RESTRICTED CONFIDENTIAL material and all copies thereof shall be destroyed or returned to the party which produced them, and all persons who have had access to or possession of CONFIDENTIAL or RESTRICTED CONFIDENTIAL material shall certify that they have either destroyed all such material and all copies thereof or returned all such material and all copies thereof to the producing party.

20. This Protective Order may be modified only by Order of the Court on stipulation of the parties or by other Order of the Court.

**STIPULATED TO:**

Dated: 3-16-01

Kristina M. Foudray

Alan G. Carlson (#14801)
Dan McDonald(# 168580)
Kristina M. Foudray (#285420)
MERCHANT & GOULD P.C.
P.O. Box 2910
Minneapolis, MN 55402-0910
Telephone: (612) 332-5300
Attorneys for Plaintiff
Graham Webb International Limited
Partnership

Dated: 3/16/01

Peter Lancaster (#159840)
Dorsey & Whitney LLP
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402
Attorney for Defendant
Clairol Incorporated

Dated: March 16, 2001

IT IS SO ORDERED.

**Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| GRAHAM WEBB INTERNATIONAL LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>CLAIROL INCORPORATED,<br><br>Defendant. | Civil Action No. 01-CU-252-PAM/562<br><br>**STIPULATION TO ENTER PROTECTIVE ORDER AGREEMENT** |

**CONFIDENTIALITY UNDERSTANDING**

I, ______________, hereby acknowledge that I am to receive information designated under a Protective Order in the above-captioned litigation. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of a Protective Order dated ________ in the above-captioned litigation and that I have been given a copy of, have read, and understand said Protective Order and agree to be bound by the terms thereof. I understand that any copy I make of any documentary material designated under the Protective Order containing information or any notes or other records that I make regarding such information shall be returned to the custody of the attorneys of record who provided me with such information after use by

me in connection with the captioned matter. I further agree and do hereby submit myself to the jurisdiction of the above captioned Court in all matters concerning enforcement or violation of the Protective Order.

For this purpose, I may be served and do hereby accept service by registered mail, return receipt requested, at the following address:

Dated: ____________________ Signature: ______________________

NAME: ______________________

ADDRESS: ______________________

______________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.