**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**GRAHAM WEBB INTERNATIONAL LIMITED PARTNERSHIP,**

Plaintiff,

v.

**CLAIROL INCORPORATED,**

Defendant.

Civil File No. 01-252 (PAM/JGL)

**O R D E R**

---

APPEARANCES

Kristina Foudray, Esq., for Plaintiff.

Peter Lancaster, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on a dispute concerning the location of the deposition of Plaintiff's Rule 30(b)(6) corporate officer. The parties appeared via a telephone conference call on March 27, 2001. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff Graham Webb International Limited Partnership is a California corporation, and Defendant Clairol Incorporated is a New York corporation. However, Plaintiff brought this lawsuit in the District of

FILED MAR 27 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Minnesota. The current issue before the Court is whether the president of the Plaintiff corporation should be deposed in Minnesota, where Defendant noticed the deposition, or in California, which is Plaintiff's principal place of business.

This Court has discretion to designate the location of a deposition. See Thompson v. Sun Oil Co., 523 F.2d 647, 648 (8th Cir. 1975) (citation omitted). With respect to corporate officers, "there is a well-recognized general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings . . . ." Archer Daniels Midland Co. v. Aon Risk Servs., Inc., 187 F.R.D. 578, 588 (D. Minn. 1999) (citations omitted). However, if a plaintiff shows that a deposition in the forum district "would impose an unduly heavy burden" or would be inefficient, a court may order the deposition to take place elsewhere. Id.

In the present case, there has been no showing that any harm would result to Plaintiff's business by virtue of the deponent's brief absence from his job, nor that Plaintiff is unable to bear the expense of the trip, nor that the deposition should take place where Plaintiff's business records are

located. Accordingly, the Court orders the deposition to take place in Minnesota.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's corporate officer shall be deposed in Minnesota.

Dated: March 27, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge